51 F.3d 283
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ramon GARCIA-LOPEZ, Defendant-Appelant.
 No. 94-30297.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided March 27, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ramon Garcia-Lopez appeals the district court's denial of his motion for judgment of acquittal after a jury convicted him of conspiracy to distribute and possession with intent to distribute more than one kilogram of methamphetamine in violation of 21 U.S.C. Secs. 841(a)(1), 846. Garcia-Lopez claims the evidence was insufficient to support his conviction. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 In evaluating the sufficiency of the evidence, we ordinarily review the evidence in the light most favorable to the prosecution to determine whether any rational juror could have found the essential elements of the offense beyond a reasonable doubt. See United States v. Marashi, 913 F.2d 724, 735 (9th Cir.1990). Because Garcia-Lopez failed to renew his motion for acquittal at the close of the evidence, however, we review "only to avoid a manifest miscarriage of justice or plain error." See United States v. Stauffer, 922 F.2d 508, 511 (9th Cir.1990).
 
 
 4
 Once the government has established that a conspiracy exists, evidence of a defendant's slight connection to it is enough to convict him of knowing participation. United States v. Taylor, 812 F.2d 1108, 1116 (9th Cir.1986), cert. denied, 479 U.S. 1094 (1987).
 
 
 5
 Here, following protracted negotiations, a confidential informant arranged to buy 20 pounds of methamphetamine from appellant's cousin, Daniel Cortez, who lived in Idaho. Cortez told the informant that his supplier, "Chava", lived near Los Angeles. On a visit to Los Angeles, Cortez and his wife met appellant with Chava and others involved in the conspiracy. Chava later proved to be appellant's brother.
 
 
 6
 Cortez and Chava decided to have ten pounds of methamphetamine driven from California to Idaho in early January, 1994. Both Cortez and his wife testified that appellant and a codefendant brought the drugs to Idaho. The confidential informant testified that when she told Cortez's wife she had an additional $2,000 to give to the people who brought the drugs, she was told to give the money to appellant and his codefendant. Following their arrest at Cortez's house, appellant and his codefendant told conflicting and improbable stories about how and why they had travelled to Idaho.
 
 
 7
 We hold that a rational juror could have concluded from the evidence that Garcia-Lopez was connected to the conspiracy, and we discern no miscarriage of justice in his conviction on these charges. See Stauffer, 922 F.2d at 511.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3